**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE EUGENIO GUZMAN-GARAY,
Petitioner,

v.

No. 96-1330

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals.
(A70-694-838)

Submitted: September 10, 1996

Decided: September 25, 1996

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Fishbein, JOHN O'LEARY & ASSOCIATES, Washing-
ton, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney Gen-
eral, Richard M. Evans, Assistant Director, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Eugenio Guzman-Garay petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

I

Guzman-Garay, a native and citizen of El Salvador, entered the United States without inspection on May 5, 1993, near Phoenix, Arizona. After he was denied asylum, the Immigration and Naturalization Service commenced deportation proceedings against him. At a hearing before an immigration judge (IJ), Guzman-Garay conceded deportability, seeking either asylum, withholding of deportation, or, lastly, to leave the United States voluntarily.

Following the hearing, the IJ issued a decision denying the request for asylum and withholding of deportation, and granting the request for voluntary departure. Guzman-Garay timely appealed to the Board. The Board dismissed the appeal, finding that Guzman-Garay had not met the evidentiary burden necessary to establish entitlement to asylum and withholding of deportation. Guzman-Garay timely petitioned this court for review of the Board's order.

II

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any "refugee." 8 U.S.C.A. § 1158(a) (West Supp. 1996). The Act defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group,

2

or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Guzman-Garay is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970). We accord the Board all possible deference. Huaman-Cornelio , 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Guzman-Garay] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III

Guzman-Garay takes issue with the Board's conclusion that he did not qualify for asylum because he did not meet his statutory burden. His contention is misplaced, however, because he fails to demonstrate a reasonable possibility of persecution due to his former military status. See M.A. v. INS, 899 F.2d at 311 (quoting INS v. Stevic, 467 U.S. 407, 424-25 (1984)). The alleged threats and visits by the guerrillas did not occur until a year or more after the battle of El Mozote, when Guzman-Garay was still in the army. This significant time gap contradicts Guzman-Garay's statements that the guerrillas knew where he was and were interested in him. While other soldiers who fought at El Mozote were later killed, Guzman-Garay did not establish that the killings were due to their military service or their participation in that particular battle. Moreover, conditions in El Salvador have changed since the 1992 peace accord that resulted in the disarming of the guer-

3

rillas. While documents submitted by Guzman-Garay show that there is still violence in El Salvador, it is mostly directed at former guerrilla leaders and others in positions of leadership. No evidence suggested that former guerrillas would be interested in Guzman-Garay due to his status as a former soldier if he were to return to his country. Consequently, his fear of persecution is not well-founded and does not support a grant of asylum.*

Guzman-Garay also maintains that the Board effectively disregarded his testimony in concluding that there was no evidence of the guerrillas' interest in him were he to return. As noted above, however, the evidence does not establish Guzman-Garay was persecuted or had a well-founded fear of persecution "on account of" his social group or political opinion. The telephone threats he received said that he would have to pay for the deaths of members of a particular family killed in the battle of El Mozote. Guzman-Garay fails to demonstrate that these threats were based upon more than personal vendetta. See Elias-Zacarias, 502 U.S. at 483. Contrary to Guzman-Garay's contention, this finding does not question his credibility. Rather, the Board simply found missing causal links between the danger he allegedly faced and his social group or political opinion. We conclude that substantial evidence supports the Board's finding that Guzman-Garay did not meet his burden of establishing eligibility for asylum.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Guzman-Garay has not established entitlement to asylum, he cannot meet the more stringent standard for withholding of deportation.

_____

*Guzman-Garay cites Montecino v. INS, 915 F.2d 518 (9th Cir. 1990), for the proposition that fear of reprisal from guerrillas on the part of an ex-soldier is a type of political persecution. Id. at 520. However, the Ninth Circuit makes it clear that such ex-soldiers must still establish a well-founded fear of persecution on that basis to qualify for statutory relief. Id.

4

IV

We accordingly deny the petition for review and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

5